Battle, J.
 

 This case- comes before us upon an appeal from an interlocutory order dissolving an injunction which had been granted upon the filing of the bill. The only facts neces^ sary to be stated are as follows: William Brookshire died intestate, in Clarke County, Alabama, in the year 1842-, and letters of administration were granted to the defendant, Abel II. Dubose, by the Probate Court of that County. The intestate left no wife or issue, and the plaintiffs and defendants, other than the administrator, are his next of kin, and as such, entitled, under the laws of Alabama, to a distribution of his
 
 *278
 
 estate. In the latter part of the year 1844, the plaintiff, Willie E. Brookshire, went to the State of Alabama with powers of attorney from the other next of kin, to demand a settlement with the defendant, Dubose, as administrator, and to receive from him the shares of the intestate’s estate, to which he and they were entitled. While there, he was induced, as he states, by the fraudulent representations of the administrator, to receive for himself and his principals, much less than was really due to him and them, thus leaving, upon a full and fair settlement, a large balance still due to each of them. The bill then states that the plaintiff, Willie E. Brookshire, “received for Thomas Hewby and wife $400, and brought the same with him to Randolph County, North Carolina, where he resided ; the said Newby and wife residing in Indiana; that the said Newby and wife having peculiar notions on the subject of slavery, became desirous to get one of the slaves belonging to the estate, for the purpose of emancipating him, and caused suit to be brought against the said Dubose in Alabama, for the slave allotted to them, and recovered him; that fearing the receipt of the $400, in the hands of the said Willie, might affect them in their suit for the slave, they refused to take 'the money, or any part of it, but permitted it to remain in his hands ; but, that after they succeeded in their suit, they demanded the said money of the said Willie, as being a part of their share of the estate of William Brookshire, over and above the negro which they had recovered. That the defendant, Dubose, forbade him, the said Willie, to pay the money to Newby and wife, and brought suit for the same in Randoph Superior Court of law, and recovered a judgment for it at the Fall Term, 1853, upon proof of the oral and written declarations of the said Willie, that Newby and wife had refused to receive the said money, and that he was willing to repay it to the said Dubose.” The prayer of the bill was for an account and settlement, and until that could be had, for an injunction against the judgment at law. Upon the coming in of the answer of the defendant, Dubose, the facts stated in which, it is unnecessary to set forth, further than that it denied that any thing was due
 
 *279
 
 the plaintiffs, and insisted that the estate of the intestate had been fully settled, and a decree to that effect entered in the Probate Court in Alabama — the injunction was dissolved, and from the interlocutory order, the plaintiff, "Willie F. Brook-shire, appealed.
 

 We are clearly satisfied that the bill cannot be sustained at all, and the order dissolving the injunction was therefore proper. Mr. Justice Story, in his admirable work on the conflict of laws, in discussing the subject of a suit by or against a for* eign executor or administrator, says, “ It has hence become a general doctrine of the common law, recognized both in England and America, that no suit can be brought or maintained by any executor or administrator, or against any executor or administrator in his official capacity, in the Courts of any other country, except that from which he derives his authority to act, in virtue of the probate and letters testamentary, or the letters of administration there granted to him, But if he desires to maintain any suit in any foreign country, he must obtain new letters of administration, and give new security according to the general rules of law prescribed in that country, before the suit is brought. So, on the other hand, if a creditor wishes a suit to be brought in any foreign country, in order to reach the effects of a deceased testator or intestate, situated therein, it will be necessary that letters of administration should be there taken out, in due form, according to the local law, before the suit can be maintained; for the executor or administrator appointed in another country, is not suable there, and has no positive right to, or authority over, those assets; neither is he responsible therefor.” Story’s Con. of Laws, 3rd Ed. sec 513. For this the learned author cites many cases, the authority of which, as establishing the general rule, tire plaintiff’s counsel does not dispute. But he contends that the present case is an exception, for the reason, that the administrator came into this State, and instituted a suit in one of our Courts for the collection of a part of the assets. This, he says, has conferred upon our Courts a jurisdiction to call upon the administrator for a full account and settlement of the
 
 *280
 
 whole estate of his intestate. The reply is obvions an<d conclusive. The administrator sued, and could sue, here, only in his individual, and not in his representative, capacity. The defendant in the suit at law held money in his hands, which, after the refusal of Uewhy and wife to receive it, he declared to belong- to the plaintiff in that suit, and expressed his willingness to repay it. Having received the money in Alabama, from the administrator, for another person, without sufficient authority, as. it appeared, to do. so, he was- bound in conscience as well as by law, to. return it to him; and it would be conceding rather too much to- him, that his- breach of good faith, which compelled the administrator to sue him in his individual capacity, could give him the right to drag the- administrator from' his own Courts into ours, for the purpose of compelling him to- render a full account of his administration in our Courts. Thinking, as we do, that our Courts have no jurisdiction to entertain the bill, we direct the interlocutory order to be affirmed with costs, without adverting to any other question discussed by the- counsel. ^
 

 Per Curiam. Decree accordingly.